

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

February 25, 1972

Honorable Jesse James
State Treasurer
State Capitol Building
Austin, Texas   78711

Opinion No. M-1077

Re:  Authority of the State Deposi-
tory Board to accept Mortgage-
Backed Serial Notes guaranteed
by the Government National
Mortgage Association as collat-
eral for State deposits under
Article 2529 Vernon's Civil
Statutes.

Dear Mr. James:

You have requested our opinion on whether certain Mort-
gage-Backed Serial Notes issued pursuant to regulations of
the Department of Housing and Urban Development are acceptable
as collateral for State deposits under Article 2529, V.C.S.
These notes are part of a securities program authorized by
Section 306(g) of the National Housing Act, 12 U.S. C. 1723a.
The securities are issued by private issuers and are secured by
pools of mortgages insured by the Federal Housing Administration,
Farmers' Home Administration or the Veterans' Administration.
The payment of principal and interest are guaranteed, in various
degrees, by the Government National Mortgage Association (GNMA).

At the present time, there are three basic types of securi-
ties:

   (1)  The "straight pass through" type; under which
provision is made for the payment to the holders of the
serial notes of a proportionate share of the proceeds
of the principal and interest of the mortgage pool, as
and if collected.

   (2)  The "partially modified pass through" type;
the terms of which provide for the payment to the security
holders of a proportionate share of the proceeds of the
principal as collected, together with a fixed rate of
interest on the unpaid principal balance, whether or not
collected.

   (3)  The "fully modified pass through" type; which
provides for payment by the issuer of both specified

principal installments and a fixed rate of interest on the unpaid principal balance regardless of its collections under the pooled mortgages.

Under Subpart B of Part 1665 of Title 24, Code of Federal Regulations (CFR), certain "bond type" securities are also authorized and these securities follow the same general form as the serial notes except they are bearer notes and are issued for much larger amounts.

Under the applicable regulations, Part 1665, Title 24, CFR, GNMA is authorized to guarantee under type (1) above, that the issuer will make timely payment to the holder of his proportional part of the collections by the issuer. Under type (2) above, the GNMA guarantees a timely payment of the principal payments, as collected, and a fixed interest payment whether collected by the issuer or not. Under type (3), the GNMA guarantees both principal and interest payment to the holder whether collected by the issuer or not.

Article 2529, Vernon's Civil Statutes, is the authority for the State Treasurer to accept securities as collateral for State deposits. The pertinent portion of Article 2529 provides as follows:

> "...(b) by pledging with the Treasurer any securities of the following kinds: bonds and certificates and other evidence of indebtedness of the United States, and all other bonds which are guaranteed as to both principal and interest by the United States;..." (Emphasis added).

The securities in question here must come within the provisions of the underlined portion of Article 2529 to be eligible as collateral. A security of the type here involved is not normally considered to be a "bond" in the commercial sense. The issuer has, by the terms of the note, no liability in the event of default and is simply a mortgage servicing agent between the mortgagor and the holder of these notes. This office has, over the years, given the underlined language of Article 2529 a very broad interpretation and it is believed that our Opinion Number M-197 (1968) would govern this matter. As pointed out there, each note must be examined individually to determine if there is an unconditional guarantee of principal and interest by the governmental agency.

Honorable Jess James, page 3, (M- 1077)


It is our opinion that the Mortgage-Backed Serial Note contracts characterized in (1) and (2) above (the "straight pass through" and the "partially modified pass through" types) would not qualify as being "bonds guaranteed as to both principal and interest by the United States." It is our further opinion that the "fully modified pass through" type of serial note set out in (3) above would qualify under Article 2529 if, upon examination, they in fact contain an unconditional guarantee by GNMA of the principal and interest payments called for in the note.

Your questions numbers 2, 3, 4, 5, 6 and 8, are fact questions that must be determined by examination of the individual notes and, therefore, we can give no opinion at this time.

Your question number 7 asks our opinion as to whether the State Treasurer should require an "assignment" of the notes before accepting the same as pledged collateral. Article 2530, Vernon's Civil Statutes, provides:

> "In the event the State Depository, as designated in the preceding Article, shall elect to deposit said pledged securities, above mentioned, with the State Treasurer, the said securities shall be delivered to the Treasurer and receipted for by him, and retained by him in the vaults of the State Treasury..."

This Article also provides in the third paragraph:

> "... In the event that any State Depository shall fail to pay deposits or any part thereof on the check of the Treasurer, he shall have the power to forthwith realize upon such bonds or other securities deposited by said bank, and disburse the money arising therefrom, according to law, upon the warrants drawn by the Comptroller upon the funds for which said bonds or other securities were secured..."

It is our opinion that under this Article any pledged securities held by the Treasurer must be in negotiable form so that in event of default by the State Depository the Treasurer could comply with the last quoted portion of Article 2530.

## S U M M A R Y

The State Treasurer may accept Mortgage-Backed Serial Notes as collateral for State deposits if, upon examination, the payment of the principal and interest are unconditionally guaranteed by the Government National Mortgage Association. The notes must be in negotiable form.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Marvin F. Sentell
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Davis
John Reeves
James Quick
Marietta Payne

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant